CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail:    kculpepper@culpepperip.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hunter Killer Productions, Inc.,<br>TBV Productions, LLC,<br>Venice PI, LLC,<br>Bodyguard Productions, Inc., and<br>LHF Productions, Inc.,<br><br>Plaintiffs,<br>vs.<br><br>Qazi Muhammad Zarlish,<br>Pebblebridge Technologies, LLP,<br>Vishnudath Reddy Mangilpudi,<br>Hoan Pham,<br>Nghi Phan Nhat,<br>DOES 1-10<br><br>Defendants. | **Case No.: 1:19-cv-168**<br>(Copyright)<br><br>**COMPLAINT; EXHIBITS 1-9;<br>DECLARATION OF DANIEL<br>ARHEIDT; DECLARATION OF<br>ERIC SMITH; DECLARATION<br>OF COUNSEL**<br><br>**(1) COPYRIGHT<br>    INFRINGEMENT**<br>**(2) CONTRIBUTORY<br>    COPYRIGHT<br>    INFRINGEMENT**<br>**(3) INDUCEMENT**<br>**(4) FALSE ADVERTISING**<br>**(5) UNFAIR COMPETITION**<br>**(6) DECEPTIVE TRADE<br>    PRACTICES** |

## <u>COMPLAINT</u>

Plaintiffs Hunter Killer Productions, Inc., TBV Productions, Inc., Venice PI,

LLC, Bodyguard Productions, Inc., and LHF Productions, Inc. (collectively

20-013C

"Plaintiffs") file this Complaint against Defendants Qazi Muhammad Zarlish, Pebblebridge Technologies, LLP, Vishnudath Reddy Mangilpudi, Hoan Pham, Nghi Phan Nhat and DOES 1-10 (collectively "Defendants") and allege as follows:

## I.   NATURE OF THE ACTION

1.      Plaintiffs bring this action to stop the massive piracy of their motion pictures brought on by the software application Show Box (hereafter: the "Show Box app").   The Defendants misleadingly promote the Show Box app as a legitimate means for viewing content to the public, who eagerly install the Show Box app to watch copyright protected content, thereby leading to profit for the Defendants. These Defendants have placed hundreds of individuals in Hawaii if not thousands of individuals in the United States in legal peril for copyright infringement while they hide behind anonymous domain registrations, false identities and addresses, and enjoy the gains from their illicit enterprise.

2.      To halt Defendants' illegal activities, Plaintiffs bring this action under: (a) the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the "Copyright Act") and allege that Defendants are liable for direct and contributory copyright infringement in violation of 17 U.S.C. §§ 106 and 501; (b) the Lanham Act of 1946, as amended, 15 U.S.C. §§1051, et seq., and allege that Defendants are liable for false and/or misleading misrepresentations in violation of 15 U.S.C. §1125(a)(1)(B); (C) H.R.S. §480-2 and allege that Defendants are liable

20-013C

for unfair competition; and (D) H.R.S. §481A-3 and allege that Defendants are liable for deceptive trade practices.

## II.  JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), 15 U.S.C. §1125(a)(1)(B) (the Lanham Act), 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.  Defendants solicit, transact, or are doing business within this jurisdiction, and have committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction.

5.  Particularly, Defendants have induced the tortious act of copyright infringement in this jurisdiction by their false and/or misleading promotions of the Show Box app via their interactive websites.

6.  Defendants have designed their interactive websites to individually target Hawaii users based upon their personal information such as web browsing history.

7.  Upon information and belief, Defendants collect log files including the Internet Protocol ("IP") address, Internet Service Provider ("ISP") and browser type

20-013C

of each user who visits their websites.

8.     Upon information and belief, Defendants use cookies and web beacons to store information such as personal preferences of users who visit their websites.

9.     Upon information and belief, Defendants obtain financial benefit from their users in Hawaii via third party advertisements such as Google through the Google AdSense program.

10.     Upon information and belief, Defendants use the cookies, log files and/or web beacons to narrowly tailor the website viewing experience to the geolocation of the user.  Particularly, users in Hawaii receive advertisements based upon their location and websites they have previously visited.

11.     Defendants cause harm to Plaintiffs' business within this District by diverting customers in this District to unauthorized Internet-based content distribution services through, at least, their websites and the Show Box app they distribute.

12.     In the alternative, the Court has jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2), the so-called federal long-arm statute, for at least the following reasons: (1) Plaintiffs' claims arise under federal law; (2) the Defendants purposely directed their electronic activity into the United States and target and attract a substantial number of users in the United States and, more particularly, this District; (3) Defendants do so with the manifest intent of engaging in business or other interactions with the

20-013C

United State; (4) the Defendants are not subject to jurisdiction in any state's courts of general jurisdiction; and (5) exercising jurisdiction is consistent with the United States Constitution and laws.

13.     Defendants use many United States based sources for their activities such as the Internet hosting and domain registrar company Namecheap, Inc., the server host provider Choopa, LLC, the server host provider Digital Ocean, LLC, the domain registrar GoDaddy.com, Inc., the file hosting service provider MediaFire, LLC, the domain registrar company Namesilo, LLC, the name server Cloudflare, Inc. and the E-mail providers Google and Microsoft.

14.     Defendants promote overwhelmingly if not exclusively motion pictures produced by United States companies on their websites.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District; and (c)(3) any of the Defendants not a resident of the United States may be sued in this District.

### III.   PARTIES

#### A.  The Plaintiffs

16.     The Plaintiffs are owners of the copyrights for the motion pictures (hereafter: "Works"), respectively, as shown in Exhibit "1" and listed below. Plaintiffs produced and marketed these Works at great expense.  Plaintiffs are

20-013C

currently selling the Works to consumers in Hawaii, throughout the United States, and in interstate commerce generally through various distributors, retailers and distribution channels.

| OWNER | MOTION PICTURE | Copyright Certificate Number |
|---|---|---|
| Hunter Killer Productions, Inc. | *Hunter Killer* | PA2136168 |
| LHF Productions, Inc. | *London Has Fallen* | PA1982831 |
| TBV Productions, LLC | *I Feel Pretty* | Pau3896491 |
| Venice PI, LLC | *Once Upon a Time in Venice* | PA2039391 |
| Bodyguard Productions, Inc. | *The Hitman's Bodyguard* | PAu3844508 |

## B.  The Defendants

17.    The Defendants distribute copies of the Show Box app and promote it for the infringing purpose of "watching free movies", including Plaintiffs' Works. The Defendants' promotional language on their websites misleads consumers in the general public into believing that Show Box app is a legitimate platform for viewing Copyright protected content.

18.    The Defendants promote the Show Box app in interstate commerce.

19.    The Defendants distribute the Show Box app in interstate commerce.

20-013C

20.     The Defendants profit from their distribution and promotion of the Show Box app by clickable ads on their websites.

21.     The Defendants profit from their distribution and promotion of the Show Box app by clickable ads on the Show Box app.

22.     The Defendants profit from their distribution and promotion of the Show Box app by delivering Internet traffic from these websites to other websites under their control.

### Defendant Qazi Muhammad, Zarlish

23.     Defendant Qazi Muhammad, Zarlish ("Zarlish") is, upon information and belief, an individual residing in Multan, Punjab, Pakistan.

24.     Defendant Zarlish owns and operates the interactive website latestshowboxapp.com as of January 28, 2019.

25.     Defendant Zarlish registered the domain latestshowboxapp.com with the registrar Godaddy, Inc., a company headquartered and organized in Arizona.

26.     Defendant Zarlish hosts the website latestshowboxapp.com with the Internet hosting company Namecheap, Inc., a company headquartered in California.

27.     Namecheap, Inc. has indicated that Defendant Zarlish registered for hosting services of the domain latestshowboxapp.com on November 25, 2016.

20-013C

28.    On the website latestshowboxapp.com, Defendant Zarlish describes the Show Box app as "…an app that lets you stream and download latest movies…It helps the user to stream newest Movies, TV shows…with no registration".



29.    On the website latestshowboxapp.com, Defendant Zarlish includes a description under the heading "Is ShowBox legal and safe to use?"  Under the heading, Defendant includes detailed instructions on features and a link for downloading the most recent edition of the Show Box app.

20-013C



30.    Under the heading "Showbox Apk 2018 Features", Defendant Zarlish describes the Show Box app as including the following features: "User-friendly interface…Free streaming app for Movies…Access the newest releases information individually…Download movies or TV shows directly from the Torrents; Free Movie Downloads; Free Music Downloads…"

20-013C



31.     As of January 28, 2019, clicking on the link to download Show Box app on Defendant Zarlish's website brings a user to the website https://www.mediafire.com/file/uure2xsrhvpvk8l/latestshowboxapp.com_v5.11.apk/file where the user can download version 5.11 of the Show Box app.

32.     The                                                     website https://www.mediafire.com/file/uure2xsrhvpvk8l/latestshowboxapp.com_v5.11.ap

20-013C

k/file is controlled by the file hosting company MediaFire, LLC which is headquartered in Texas.

33.    MediaFire, LLC has indicated that a user who indicated himself by the name "Cybron Rocker" created an account on September 18, 2012 from IP address 119.154.3.78 originating in Pakistan.

34.    The user who identified himself as "Cybron Rocker" logged into his MediaFire account from IP address 103.255.4.17 on May 8, 2018 to upload the file "Latestshowbox.app.com .apk".

35.    Namecheap, Inc. has indicated that Defendant Zarlish used IP address 103.255.4.17 on November 8, 2018 to pay for a transaction – the same IP address used by Cybron Rocker to upload the file "Latestshowbox.app.com .apk" on May 8, 2018.

36.    MediaFire, LLC has also indicated that "Cybron Rocker" used IP addresses 103.255.4.45, 103.255.4.14, 103.255.5.105, 103.255.5.81, 103.255.4.24 and 103.255.5.44 originating in Pakistan, among other IP addresses, to login to the MediaFire account.

37.    Upon information and belief, Defendant Zarlish uploaded the Show Box app to MediaFire, LLC to be made available to the general public.

38.    Defendant Zarlish includes various images of Hollywood movies in the promotional language of the website.

11



39.     Upon information and believe, Defendant Zarlish does not have a license to distribute or publicly perform any of the movies he has illustrated on the website or that he allows for distribution via the Show Box app.

40.     Defendant Zarlish used the IP addresses 103.255.5.73, 103.255.4.23, 103.255.4.37, 103.255.4.246, 103.255.4.17 to login to the zarlish Namecheap account between June 7, 2018 and Nov. 29, 2018.

41.     During time periods very near or overlapping the time period Defendant Zarlish used these IP address to login to his Namecheap account, cross

reference ("X-Ref") data indicated that unique hash values for the motion pictures *The Hitman's Bodyguard, London Has Fallen* and *Mechanic: Resurrection* were being shared via these IP addresses.  *See* Exhibit "6".

42.    Plaintiffs sent a communication to Defendant Zarlish on March 12, 2019 requesting him to cease promotion and distribution of piracy apps and pay a portion of Plaintiffs' Damages.

43.    Defendant Zarlish replied on March 14, 2019 that he "would like to cooperate and resolve it…Do I need to remove urls and pages? I already unpublished them".

44.    As of April 2, 2019, Defendant Zarlish still maintains a portion his website latestshowboxapp.com and still distributes the Show Box app through his mediafire page.

### Defendants Pebble Bridge Technologies, LLP and Vishnudath Reddy Mangilpudi

45.    Defendant     Pebblebridge     Technologies,     LLP     (hereafter: "Pebblebridge") is, upon information and belief, a partnership organized under the laws of India.

46.    Defendant Pebblebridge operates a website pebblebridge.org at which it advertises itself as a "Digital Marketing Agency" providing "Search Engine Optimization (SEO)", "Paid Advertising", and "Content Marketing" as well as other services.

20-013C

47.     As of February 4, 2019, pebblebridge.org lists the address 27 Division St., New York, NY 10002, United States of America under the heading "Contacts".



48.     Upon information and belief, Defendant Vishnudath Reddy Mangilpudi (hereafter: "Vishnudath") is one of the partners in Pebblebridge.

49.     Defendant Pebblebridge operated the interactive websites showbox.fun as of at least December 8, 2018.

50.     The websites showbox.fun and show-box.pro were hosted by the provider NameCheap, Inc.

51.     Defendant Pebblebridge operates the interactive website showboxforipad.com as of at least March 28, 2019.

52.     The website showboxforipad.com is hosted by the provider Digital Ocean, LLC.

20-013C

53.     Digital Ocean, LLC has indicated that an account for Defendant Pebblebridge had a "sign-up date" of December 5, 2017 07:20:29 with the email address accounts@pebblebridge.com.

54.     Namecheap, Inc. has indicated that an account for Defendant Pebblebridge was created on July 17, 2018 3:44:53 am with the username "pebblebridge".

55.     Namecheap, Inc. has indicated that username pebblebridge created and registered the domain name show-box.pro on September 4, 2018.

56.     Namecheap, Inc. further indicates that the pebblebridge username is the owner of numerous other domain names associated with infamous movie piracy software programs including: "terrariumtv.life",   "moviebox.software" and "mobrdo.mobi".  *See* Exhibit "2".

57.     Namecheap, Inc. has indicated that an individual who identified himself as Vishnudath Reddy registered the domain "showbox.fun" on July 9, 2018 at 4:04:48 AM via username Vishnudath.  *See* Exhibit "3".

58.     Upon information and belief, Vishnudath Reddy is Defendant Vishnudath.

59.     Defendant Vishnudath registered "showbox.fun" for the benefit of Defendant Pebblebridge and himself. *See* Exhibit "4".

20-013C

60.     Namecheap, Inc. has indicated that from IP address 49.206.194.182 username Vishnudath logged onto his Namecheap account on July 9, 2018 at 3:40:47 am.  *See* Exhibit "3".

61.     Namecheap, Inc. has indicated that from IP address 49.206.194.182 username pebblebridge logged into its Namecheap account on December 19, 2018 at 12:57:36 am., the same IP address used by username Vishnudath.   *See* Exhibit "2".

62.     Namecheap, Inc. has indicated that username Vishnudath registered for service for the domain showbox.fun and performed a "push" action to change the account holder to a username CheriECarlson from Vishnudath on July 9, 2018 at 4:04:48 AM via

63.     Namecheap, Inc. has indicated that from IP address 49.206.194.182 username CheriECarlson logged into her Namecheap account on December 4, 2018 at 8:53:59 am. *See* Exhibit "5".

64.     Digital Ocean has indicated that from IP address 49.206.194.182 the account associated with accounts@pebblebridge.com the user previously logged into the account.

65.     Namecheap has indicated that the registration information for username CheriECarlsonan includes a name of Cheri E Carlson and an address in Sioux Falls, SD.  *Id.*

16

20-013C

66.    The    IP    address    49.206.194.182    from    which    username CheriECarlsonan logged into the account on December 4, 2018 is in India and same as those used by usernames Vishnudath and pebblebridge to login to their accounts. *Id.*

67.    The pebblebridge, CheriECarlson and Vishnudath usernames shared a common payment source.

68.    Upon information and belief, the name Cheri E Carlson and address are false.

69.    Upon information and belief, the pebblebridge, CheriECarlson and Vishnudath usernames all belong to or are under the control of Defendant Pebblebridge.

70.    Upon information and belief, Defendant Vishnudath performed the push action to change the Namecheap account name for showbox.fun to the fictitious person Cherie E Carlson to further add a layer of deception between Defendants Pebblebridge and Vishnudath and the public out of concern of the illegal nature of the website showbox.fun.

71.    Defendant Pebblebridge has admitted that Defendant Vishnudath registered domain names for its benefit. *See* Exhibit "4".

72.    At all relevant times, Defendant Vishnudath was a partner, employee or affiliate of Defendant Pebblebridge.

20-013C

73. Defendant Pebblebridge is vicariously liable for the contributory copyright infringement of Defendant Vishnudath, as Defendant Vishnudath was acting within the scope of his employment and/or partnership when he committed the wrongful conduct described above, as Defendant Pebblebridge had the right and the power to directly control the activities of Defendant Vishnudath, and as Defendant Pebblebridge received a direct financial benefit, financial advantages, and/or other economic consideration from the infringing activities of Defendant Vishnudath.

74. On their website show-box.pro, Defendants Pebblebridge and Vishnudath described the Show Box app as "…allows you to stream unlimited live movies…TV shows and more in HD quality for free."

20-013C

Showbox Apk Your search for right entertainment application ends with Showbox as it is the popular online video streaming application that allows you to enjoy entertainment right on your fingertip. Showbox is the giant in regards to entertainment with its largest collections of movies, TV shows and videos which you can stream using your Android Smartphone. The application allows you to stream unlimited live movies, serials, TV shows and more in HD quality for free. The application comprises the largest library of movies and videos that are made available for free to stream on your Android device.

So, Android users who want to enjoy streaming free videos, movies and TV shows on their Smartphone need to download the Showbox Apk download for Android. The application has a search option that allows users to search for their favorite movies and videos from its largest collection so that they can stream the movie at their own convenience. Besides streaming movies, users can do a lot of things with this app including streaming videos, shows, sports videos and more.

## Showbox APK  for Android Features and Advantages:



75.     On the website show-box.pro, the Defendant Pebblebridge states, "The app is not available in the Google Play Store but can be downloaded on Android mobiles with the help of a link."

20-013C

## Showbox For PC: What is Showbox App?



Rated as one of the best android applications, the Showbox App is a revolution in the world of entertainment, a blessing in disguise for all the movie buffs and couch potatoes. It is a movie streaming application for mobiles that lets you access the movies and television shows from anywhere you want and absolutely free of cost. However, it is not available in the Google Play Store but can be downloaded on Android mobiles with the help of a link.

76.    The website show-box.pro includes a link "Showbox Official site" which redirects to the website showbox.fun when clicked.

77.    The website showbox.fun state, "Showbox offers free movies and TV shows for free…It only requires a strong internet connection and you can stream any movie online."

78.    The website includes a portion entitled: "How to Download Showbox APK," which includes detailed instructions on how to install and operate the Show Box app.

79.    The website showbox.fun states "If you are using Netflix, Prime Video movie streaming app then you should consider using showbox also.".

20-013C

80.     The website showbox.fun states, "…Showbox is not available over Google Play Store…Don't worry! Right from this post, you can download Official APK."



Not only movies but you can also use this app to watch TV shows and series online without downloading. Do note that Showbox is not available over Google Play Store so you have to download APK from Third party site. Don't worry! Right from this post, you can download Official APK. Moreover, this app allows you to watch movies without login or sign up, what's needed more?

If you are using  Netlfix, Prime Video movie streaming app then you should consider using showbox also. In latest version of ShowBox APK  several new features are added which makes it even more helpful for movie lovers.

81.     The website showbox.fun includes a link to download Show Box Version 5.11.

20-013C

Scan below QR code to Download latest Version 5.11



**Conclusion:**

The latest version of the Showbox apk is feature-rich as it offers an enhanced User Experience. Moreover, you can add subtitles to the videos this time. The mentioned procedures are the best way to download and install Showbox application. In case, if you face any difficulty downloading it, you can always ask us.

☆☆☆☆☆
4.5 (89.22%)
219 votes
Filed Under: Showbox

Comments

1. Renée says

November 10, 2018 at 1:30 am

The Deuce episodes have not been added since episode 8. Can I get feedback on this, I'm really missing it 😊

82.    Below the download link, the website includes a comment section where Defendants Pebblebridge and Vishnudath exchange comments with users.

83.    On November 10, 2018 at 1:30 am, one user posted a comment expressing concern that a television program had not been added since episode 8. Defendants Pebblebridge and Vishnudath replied later that day at 12:07 pm, "We will try to add asap!".

84.    Defendant Vishnudath stated in an email on January 18, 2019, "…I think we already remove the download link" and "I believe 40 days back…we removed that download /whole page about "Showbox", in reply to an inquiry from Plaintiffs' counsel of the circumstances of Defendant Pebblebridge's placement of the Show Box app on the websites showbox.fun and show-box.pro.

20-013C

85.   Defendants Pebblebridge and Vishnudath used the IP addresses 103.224.156.73, 178.73.198.234, 160.238.75.179, 49.206.194.182, 160.238.75.179, 14.143.32.2, 49.204.57.69, 49.206.210.102, 49.206.215.108, 49.206.217.231, 103.224.153.121, 160.238.75.179 and 160.238.74.246 to log onto the Namecheap accounts under their control repeatedly between April 19, 2013 and January 3, 2019.  *See* Exhibits 2-5.

86.   During time periods very near or overlapping the time period Defendants Pebblebridge and Vishnudath used these IP address to login to the Namecheap accounts under their control, cross reference ("X-Ref") data indicated that unique hash values for the motion pictures *London Has Fallen, I Am Wrath, Naa Nuuve, The Hitman's Bodyguard* and *Once Upon a Time in Venice* were being shared via these IP addresses.   *See* Exhibit "6".

87.   During time periods very near or overlapping the time period Defendants Pebblebridge and Vishnudath used the IP address 178.73.198.234 to login to the Namecheap accounts under their control, the Plaintiffs' investigator confirmed the motion pictures *Automata, London Has Fallen, Good Kill, Criminal, Mechanic: Resurrection* being copied via the BitTorrent protocol application by Unique Hash Numbers at IP address 178.73.198.234.  *Id.*

88.   Upon information and belief, Defendants Pebblebridge and Vishnudath copied Plaintiff's motion picture *London Has Fallen* and shared it via

20-013C

its Unique Hash Number to individuals in the United States and in Hawaii in particular.

## Defendant Hoan Phan

89.     Upon information and belief, Defendant Hoan Phan is a resident of Ha Noi, Vietnam.

90.     Defendant    Hoan    Phan    operated    an    interactive    website showboxofficial.com up to January 10, 2019.

91.     As of December 2018, the website showboxofficial.com received over 45 percent of its traffic from the United States.



20-013C

92.     On the website showboxofficial.com, Defendant Hoan Phan described the Show Box app as "The Best Video Streaming App ever", "Showbox is totally free of charge while delivering high-quality video…like Movies and TV shows..."



93.     On the website showboxofficial.com, Defendant Hoan Phan further described Show Box app as "No restrictions…Watch any movie or TV Show as many times as you want.  All you need to get started with Showbox is a proper Internet connection", and "100% FREE…No subscription fee or license charge.  IT IS ABSOLUTELY FREE!"

20-013C



94.     On the website showboxofficial.com, Defendant Hoan Phan includes links to downloading Show Box versions 5.11, 5.21 and 5.23.

95.     Defendant Hoan Phan admitted to obtaining at least one of the versions of Show Box app he made available for download on his website showboxofficial.com from the website showbox.fun of Defendant Pebblebridge.

96.      On the website showboxofficial.com, Defendant Hoan Phan also includes links to downloading Show Box versions for I-phone, I-pad, X-Box, PS4, Windows, Linux, Kodi and Chromechast.

97.     NameCheap, Inc. has indicated that an individual who identified herself as Elizabeth Roberts with username "elizabethroberts" is the Registrant Contact, Administrative Contact, Technical Contact and Billing Contact for the website showboxofficial.com as of Dec. 20, 2018.

98.     The IP address login history for elizabethroberts includes IP address 45.77.20.245 on October 15, 2018.

26

20-013C

99.    The IP address 45.77.20.245 was assigned to the Internet Service Provider Choopa, LLC, which is located in Matawan, NJ.

100.    Choopa, LLC indicated that the IP address 45.77.20.245 was assigned to Defendant Hoan Phan from April 4, 2017 with e-mail address hoan.pham@live.com.

101.    When contacted at hoan.pham@live.com to inquire about his relationship with the Show Box app, Defendant Hoan Phan replied on December 10, 2018 by stating, "I am not the owner of showboxofficial.com. I don't even know what it is…!

102.    Defendant Hoan Phan further stated that he provided the IP address 45.77.20.245 as an "OpenVPN service" to share across the world.

103.    When inquired about his motivation for allowing anyone in the world to use his IP address 45.77.20.245, Defendant replied that "The reason…is mostly because of Internet censorship…" and that he wanted to "make something…for…my Vietnamese community, for a freedom of internet in Vietnam."

Kerry,

Sorry to hear that. There's noway to determine who used on those dates (or maybe a way but out of my knowledge, sorry).

The reason why I share my service for free is mostly because of "internet censorship in Vietnam". Yes, we in Vietnam, are prohibited to access some news sites like: BBC, VOA, RFA.. sometimes even Facebook!

So I just want to make something to for my Vietnamese community, for a freedom of internet in Vietnam.

Regards,
Hoan Pham

20-013C

104.   Namecheap, Inc. indicated that the individual who identified herself as Elizabeth Roberts registered the domain showboxofficial.com with Namecheap on 11/28/2018 via a "push" transaction from a username hoanpv01.

105.   The hoanpv01 username registered showboxofficial.com with Namecheap, Inc. on September 16, 2018.

106.   The hoanpv01 username included the name "Elizabeth Roberts", but with an address in Vietnam.

107.   The login history for hoanpv01 includes multiple logins from IP address 45.77.20.245 in 2018.

108.   Upon information and belief, Defendant Hoan Phan registered the domain showboxofficial.com under the fictitious person Elizabeth Roberts to further add a layer of deception between himself and the public out of concern of the illegal nature of the website showboxofficial.com.

109.   On January 10, 2019, Plaintiffs' counsel sent an email to Defendant Hoan Phan referencing the Namecheap information indicating that Defendant Hoan Phan had purchased the domain showboxofficial.com despite his earlier statement that "I don't even know what [the Show Box app] is…!

110.   Defendant Hoan Phan did not reply to the email, but immediately begin redirecting showboxofficial.com to a website show-box.one.

20-013C

111.   On January 18, 2019, Plaintiffs' counsel sent an email communication to Defendant Hoan Phan: (1) requesting him to cease and desist redirecting showboxofficial.com to show-box.one; (2) requesting him to cease promoting and/or distributing Show Box and any other piracy applications; and (3) requesting damages and attorneys' fees for the infringing activity.

112.   On January 20, 2019, Defendant Hoan Phan sent a reply email in which he agreed to stop redirecting to show-box.one and distributing and/or promoting the Show Box app.

Mr. Kerry S. Culpepper,

I did everything I could to fulfill your requests.

1. showboxofficial.com is now STOPPED redirecting to show-box.one and desist as well!
2. No more showbox or any other piracy apps would be promoting and/or distributing!
3. Believe or not, there was NOT profit has been made in the making of this website so I could not pay any damages and attorneys' fees... All I could do is #1 & #2, sorry.

Please accept our sincere apologies.

Have a great day.

Sincerely,
Hoan Pham

On Jan 18, 2019, at 12:35, Kerry Culpepper <kculpepper@culpepperip.com> wrote:

113.   Defendant Hoan Phan refused to pay any damages for the infringements associated with his website.

114.   Defendant Hoan Phan used the IP address 64.62.175.44 to login to the elizabethroberts Namecheap account on 12/17/2018.

115.   The IP address 64.62.175.44 is assigned to the ISP Hurricane Electric in Sonora, California.

116.   On Dec. 17, 2018, the Plaintiffs investigator recorded a motion picture referred to here as DPM being copied via a BitTorrent protocol application at IP address 64.62.175.44 with a peer identification of 2D5554353333302D5871437769316B352A497547.  *See* Exhibit "7".

117.   On Feb. 4, 2017, the Plaintiffs investigator confirmed the motion picture *Mechanic: Resurrection* being copied via the BitTorrent protocol application at IP address 64.62.174.44 with a peer identification of 2D5554333430422D74A6A0BFF13260A233DE7A08 on Feb. 4, 2017.  *Id.*

118.   On Jan. 16, 2018, the Plaintiffs investigator confirmed the motion picture *London Has Fallen* being copied via the BitTorrent protocol application at IP address 64.62.174.44 with a peer identification of 2D5554333439302D4DA80D2DCC13C79FB03CDEFD on Jan. 16, 2017. *Id.*

119.   Upon information and belief, (the common peer identification prefix of "2D55543" and common IP address) Defendant Phan is the individual at IP address 64.62.174.44 who copied the Plaintiff's motion picture *London Has Fallen* and shared copies of it via its Unique Hash Number in the United States and in Hawaii in particular.

## Defendant Nghi Phan Nhat

120.   Upon information and belief, Defendant Nghi Phan Nhat is a resident of Haiduong, Vietnam.

20-013C

121.    Defendant Nghi Phan Nhat operates the interactive website apkmirrordownload.com as of March 15, 2019.

122.    Defendant Nghi Phan Nhat registered the domain apkmirrordownload.com on June 20, 2016 through the domain registrar Namesilo, LLC (a United States company based in Arizona).

123.    As of March 15, 2019, the website apkmirrordownload.com received over 7.6 percent of its traffic from the United States.



124.    The website apkmirrordownload.com includes the webpage www.apkmirrordownload.com/apk/show-box-5-03-110-apk/ where various versions of the Show Box app are available for download.

20-013C

125.   The   website   apkmirrordownload.com   includes   the   webpage www.apkmirrordownload.com/apk/popcorn-time-3-1-0-123-apk/   where   various versions of the piracy app Popcorn Time are available for download.

126.   On March 12, 2019, Plaintiffs' counsel sent a copyright notification via       email       and       airmail       concerning       the       websites www.apkmirrordownload.com/apk/show-box-5-03-110-apk/                        and www.apkmirrordownload.com/apk/popcorn-time-3-1-0-123-apk/.  As of March 28, 2019, both interactive websites are still active and distributing the piracy apps Show Box and Popcorn Time.

## IV.   JOINDER

127.   Pursuant to Fed. R. Civ. P. 20(a)(1), each of the Plaintiffs are properly joined because, as set forth in detail above and below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the promotion and distribution of and use of the Show Box app for streaming and distributing Plaintiffs' Works; and (b) that there are common questions of law and fact.

128.   Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, the Plaintiffs assert: (a) a right  to  relief  arising  out  of  the  same  transaction,  occurrence,  or  series  or

20-013C

transactions, namely the promotion and distribution of the Show Box app for streaming and distributing Plaintiffs' Works; and (b) there are common questions of law and fact.

## V.   FACTUAL BACKGROUND

### A.  *The Plaintiffs Own the Copyrights to the Works*

129.   The Plaintiffs are the owners of the copyright in the Works, respectively.  The Works are the subjects of copyright registrations, and this action is brought pursuant to 17 U.S.C. § 411.  *See* Exhibit "1".

130.   Plaintiffs Hunter Killer Productions, LHF Productions, Inc. and Bodyguard Productions, Inc. are corporations registered under the laws of the State of Nevada having principal offices in Los Angeles, California. The Plaintiffs Hunter Killer Productions, LHF Productions, Inc. and Bodyguard Productions, Inc. are affiliates of Millennium Media, a production company and distributor of a notable catalog of major motion pictures, including. *See* www.millenniumfilms.com.

131.   Plaintiffs TBV Productions, LLC and Venice PI, LLC are California limited liability companies having their principal offices in Los Angeles, California. The Plaintiffs are affiliates of Voltage Pictures, a production company with a notable catalog of major award winning motion pictures, such as, for example, *Dallas Buyers Club*, by independent film makers.  *See* www.voltage pictures.com.

20-013C

132.   Due to Plaintiffs' production and marketing efforts, there is consumer demand for viewing the Works.

133.   Each of the Works are motion pictures currently offered for sale in commerce.

134.   Defendants had notice of Plaintiffs' rights through at least the credits indicated in the content of the motion pictures which bore proper copyright notices.

135.   Defendants also had notice of Plaintiffs' rights through general publication and advertising associated with the motion picture, and packaging and copies, each of which bore a proper copyright notice.

**B.   *The Defendants' Show Box app intentionally induce users' Infringements of the Plaintiffs' Copyrights***

136.   The Show Box app provides an interface so that users can easily copy copyright protected content.  The home interface includes a search bar where a user can enter words associated with a copyright protected motion picture they wish to copy, title art of popular movies, and advertisement banners.



137. Simply entering a title associated with a motion picture automatically returns a narrowed selection of motion pictures along with the advertisement banner.



138.   Upon choosing a title from the narrowed selection, the Show Box app provides two options for copying the content: "WATCH NOW" and "DOWNLOAD" along with the advertisement banner.

20-013C



139.   After selection "WATCH NOW", the Show Box app first reproduces a short advertisement for a product.



20-013C



140.   After the advertisement concludes, the Show Box app reproduces a complete copy of the selected motion picture – in the below case *The Hitman's Bodyguard.*

20-013C



141.   Upon information and belief, the Show Box app is using one or more addons for streaming infringing content, including Plaintiffs' Works.  These addons are designed and maintained for the overarching purpose of scouring the Internet for illegal sources of copyrighted content and returning links to that content. When Show Box app users click the "WATCH NOW" button, the user receives unauthorized streams of popular motion pictures, including Plaintiffs'.

142.   When the user chooses the DOWNLOAD button, the Show Box app automatically begins searching for peers that are sharing a torrent file associated with the selected motion picture.  The interface even allows the user to copy multiple motion pictures at the same time.

20-013C



143.   Above the DOWNLOAD button is written, "Also, you can download this movie from Torrents".   The Show Box app is using the BitTorrent client application protocol to automatically search Torrent sites and find peers to allow users to download copyright protected content, including Plaintiffs' Works.

144.   Torrent sites are websites that index torrent files that are currently being made available for copying and distribution by peers using the BitTorrent protocol.   When Show Box app users click the DOWNLOAD button, the user begins receiving different piece of the copyrighted Works from peers.

145.   Once a Show Box app user has downloaded the full file, the BitTorrent Client reassembles the pieces and the Show Box app user is able to view the movie while distributing the torrent file, here the copyrighted Works.

20-013C

146.   Neither Defendants nor their Show Box app have a license from Plaintiffs to stream and/or download copies of Plaintiffs' Works.

147.   Defendants advertise the Show Box app for being used for infringing Copyright protected Works, including Plaintiffs.

148.   Defendants' users use the Show Box app for its intended and unquestionably infringing purposes, most notably to obtain immediate, unrestricted, and unauthorized access to unauthorized copies of Plaintiffs' Copyrighted Works.

149.   Defendants promote the use of the Show Box app user for overwhelmingly, if not exclusively, infringing purposes, and that is how the users use the Show Box app.

150.   Defendants urge the Show Box app users to stream or download infringing content.

151.   The commercial value of Defendants' Show Box app business depends on high-volume use of unauthorized content through the Show Box app. Defendants promise the Show Box app users reliable and convenient access to all the content they can stream and download and users install the Show Box app on their devices based on Defendants' apparent success in delivering infringing content to their customers.

152.   The Show Box app includes numerous advertisements that, upon information and belief, provides financial compensation to Defendants.

41

20-013C

***C. The Defendants Misrepresent the Legality of the Show Box app in the promotional language on their websites.***

153.   Defendants have promoted and/or advertised the Show Box app commercially in interstate commerce by their websites.

154.   Defendants have distributed the Show Box app in interstate commerce by their websites directly or indirectly by linking to sources to download the Show Box app.

155.   Defendants falsely describe the Show Box app as a legal means for consuming Copyright protected content.

156.   Defendants misleadingly describe the Show Box app as a legal means for consuming Copyright protected content.

157.   Defendants' misleading statements and/or false descriptions misrepresent the nature, characteristics, qualities of their services.

158.   Particularly, Defendants' statements that the Show Box app can be used to watch any movie misrepresent the illegal nature of the Show Box app.

159.   Particularly, Defendants' omission that using the Show Box app as promoted by Defendants would subject the user to copyright infringement misrepresents the illegal nature of the Show Box app.

160.   Defendants advertise, promote, market and distribute the Show Box app on their websites for the purpose of watching free movies.   Accordingly,

20-013C

Defendants have made and distributed in interstate commerce and in this District, commercial advertising or promotions that contains false or misleading representations of fact.

161.   The Defendants have not obtained a license from Plaintiffs or, upon information or belief, any Copyright holders to publicly perform or distribute their motion pictures.

162.   Defendants do not mention the illegality of the Show Box app in their promotional language of their websites.

163.   Defendants have gone to great lengths to conceal themselves from the public, including by using multiple false identities and addresses associated with their operations and purposely deceptive contact information for their websites in connection with registering and hosting their websites.

164.   Consumers are likely to be misled and deceived into believing the Show Box app is a legitimate platform for viewing Copyrighted motion pictures by the promotional language on Defendants' websites.

165.   Defendants false and misleading promotions of the Show Box app are designed to entice consumers to use Defendants' Show Box app for viewing motion pictures rather than retailers, distributors or streaming services licensed by Plaintiffs.

20-013C

166.   The Show Box app users in Hawaii are motivated to download and use the Show Box app for its infringing purpose because of the promotions of Defendants of the Show Box app as an application for infringing copyright protected Works, including Plaintiffs.

167.   Because Defendants do not pay for a license to distribute or publicly perform any motion pictures, they can distribute the Show Box app for nothing while profiting from advertisements on their websites and on the Show Box app itself.  In this way, Defendants entice consumers who would otherwise pay to own and/or watch Plaintiffs' Works on a legitimate platform.  In doing so, Defendants wrongfully mislead and deceive consumers into believing that they are using a legitimate platform to watch and/or copy Plaintiffs' Works, when in fact consumers are putting themselves at risk for criminal and civil penalties for Copyright Infringement.

168.   Defendants benefit financially from the infringement of the Works by the Hawaii users of the Show Box app.

169.   Plaintiffs are informed and believe that Defendants' wrongful conduct has resulted in increased distribution of the Show Box app while hindering the sale of Plaintiffs' Works through legitimate distribution channels.  Plaintiffs have sustained and will sustain damages as a result of Defendants' wrongful conduct.

### C. The Defendants contributed to Infringements of Plaintiffs' Copyrights

44

*in their Works.*

170.   Upon information and belief, the individuals, in Hawaii, at IP addresses 1-7 shown in Exhibit "8" installed the Show Box app on their respective devices and used it to download and/or share copies of the motion picture *Hunter Killer* between December 16, 2018 and January 17, 2019.

171.   Upon information and belief, the individuals, in Hawaii, at IP addresses 1-2 shown in Exhibit "9" installed the Show Box app on their respective devices and used it to download and/or share copies of the motion picture *The Hitman's Bodyguard* between December 24, 2018 and January 3, 2019.

## VI. FIRST CLAIM FOR RELIEF
### (Intentional Inducement of Streaming against all Defendants)

172.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

173.   Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

174.   Defendants have actual knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.

175.   Defendants intentionally induce the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform their Copyrighted Works. As intended and

20-013C

encouraged by Defendants, the Show Box app connects customers to unauthorized online sources that stream Plaintiffs' Copyrighted Works. The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing unauthorized streams of the works to the public, including to Show Box app users. These operators, or others operating in concert with them, control the facilities and equipment used to store and stream the content, and they actively and directly cause the content to be streamed when Show Box app users click on a link for the content.

176. Defendants induce the aforementioned acts of infringement by supplying the Show Box app that facilitates, enables, and creates direct links between Show Box app users and the infringing operators of the streaming services, and by actively inducing, encouraging and promoting the use of their Show Box app for blatant copyright infringement.

177. Defendants intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

178. Defendants inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of the Plaintiffs.

179. Defendants' actions are a direct and proximate cause of the

20-013C

infringements of Plaintiffs' Works.

180.   As a result of the foregoing, each Defendant violated the Plaintiffs' exclusive right to: (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

181.   Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

## VII. SECOND CLAIM FOR RELIEF
### (Intentional Inducement of Torrenting against all Defendants)

182.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

183.   Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

184.   Defendants have actual knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.

185.   Defendants intentionally induce the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to distribute copies of Copyrighted Works. As intended and

20-013C

encouraged by Defendants, the Show Box app connects users to Torrent sources and/or sites that deliver copies of Plaintiffs' Copyrighted Works. The operators of these Torrent sources directly infringe Plaintiffs' exclusive rights by providing unauthorized copies of the works to the public, including to Show Box app users.

186.   Once the Show Box app user has obtained a complete copy of the Plaintiffs' Copyrighted Works, that particular user also becomes another Torrent source that delivers copies of Plaintiffs' Copyrighted Works.

187.   These operators, or others operating in concert with them, control the facilities and equipment used to store and distribute the content, and they actively and directly cause the content to be distributed when Show Box app users click on a link for the content.

188.   Defendants induce the aforementioned acts of infringement by supplying the Show Box app that facilitates, enables, and creates direct links between their users and the infringing Torrent sources, and by actively inducing, encouraging and promoting the use of their Show Box app for blatant copyright infringement.

189.   Defendants intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

190.   Defendants inducement of the infringement of Plaintiffs' Copyrighted

20-013C

Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of the Plaintiffs.

191.  Defendants' actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

192.  As a result of the foregoing, each Defendant violated the Plaintiffs' exclusive right to: (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501.

193.  Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

## VIII. THIRD CLAIM FOR RELIEF
### (Contributory Copyright Infringement based upon Material Contribution against all Defendants)

194.  Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

195.  Defendants have actual or constructive knowledge of infringement of Plaintiffs' exclusive rights under the Copyright Act.  Defendants knowingly and materially contribute to such infringing activity.

196.  Defendants knowingly and materially contribute to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform and distribute their works. Defendants design and promote the use of the Show Box app to connect customers to

20-013C

unauthorized online sources that stream and download copies of Plaintiffs' Copyrighted Works.  The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing unauthorized streams and/or copies of the Works to the public, including to Show Box app users. The operators, or others operating in concert with them, control the facilities and equipment used to store and stream or deliver copies of the content, and they actively and directly cause the content to be streamed and/or distributed when Show Box app users click on a link for the content.

197.   Defendants knowingly and materially contribute to the aforementioned acts of infringement by supplying the software application that facilitates, encourages, enables, and creates direct links between Show Box app users and infringing operators of the streaming and Torrent services, and by actively encouraging, promoting, and contributing to the use of their Show Box app for blatant copyright infringement.

198.   Defendants knowing and material contribution to the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

199.   Defendants knowing and material contribution to the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

20-013C

200.   As a direct and proximate result of the infringement to which Defendants knowingly and materially contribute, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial.

201.   Defendants obtained a direct financial interest, financial advantage, and/or economic consideration from the infringements in Hawaii as a result of their infringing actions in the United States.

202.   Defendants' actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

203.   As a result of the foregoing, each Defendant violated the Plaintiffs' exclusive right to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

204.   Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

20-013C

## IX. FOURTH CLAIM FOR RELIEF
### (Copyright Infringement against Defendants Zarlish, Vishnudath, Pebblebridge and Hoan Phan)

205.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

206.   Defendant Zarlish reproduced copies of Plaintiff Bodyguard Productions Inc.'s motion picture *The Hitman's Bodyguard* and the Plaintiff LHF Productions Inc.'s motion picture *London Has Fallen* at the IP address 103.255.5.73 and shared copies of the motion pictures via the respective hashes as shown in Exhibit "6" with users in the United States.

207.   Defendants Vishnudath and Pebblebridge reproduced copies of Plaintiffs' motion picture *London Has Fallen* at the IP address 178.73.198.234 and shared copies of the motion pictures via the Unique Hash Numbers: 6CF0820EE3A3A84F7BD77A792E9279CE47B5C864; 2BCABA13AD09DAD0F6576C29ADF3965579B8831C; 3DAAD5C4A9E96E8229E553877CC4B79CE1E4E6A3;                    and AC09FC05533F2D9C8DDB8CF75916F4426635C2E3 as shown in Exhibit "6" with users in the United States.

208.   Defendant Hoan Phan reproduced copies of Plaintiff LHF Productions Inc.'s motion picture *London Has Fallen* at the IP address 64.62.175.44 in the United States and shared copies of the motion pictures via the Unique Hash Number

37F407E62791145B41B776777D135DBE3CD43F6E with users in the United States.

209.   The Plaintiffs did not authorize, permit, or provide consent to the Defendants to copy, reproduce, redistribute, perform, or display the motion pictures.

210.   As a result of the foregoing, each Defendant violated the Plaintiffs' exclusive right to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work non-sequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

211.   Each of the Defendants' infringements was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

## VII. FIFTH CLAIM FOR RELIEF
### (False Description against all Defendants)

212.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

20-013C

213.   Upon information and belief, Defendants have made and distributed in interstate commerce in in this District, advertisements that contain false or misleading statements of fact regarding the Show Box app.  These advertisements contain actual misstatements and/or misleading statements and failures to disclose, among other, the statement that Defendants' Show Box app can be used to watch free movies without describing its illegality.

214.   Upon information and belief, these or misleading statements actually deceive or have a tendency to deceive, a substantial segment of Plaintiffs' customers and potential customers.  This deception is material in that is likely to influence the purchasing decisions of Plaintiffs' customers.

215.   Defendants false and misleading advertising statements and omissions injure both consumers and Plaintiffs.

216.   Defendants false and misleading advertising statements and omissions violate the Lanham Act §43(a), 15 U.S.C. §1125(a).

217.   Defendants have caused and will continue to cause, immediate and irreparable injury to Plaintiffs, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law.  As such, Plaintiffs are entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all

20-013C

Defendants' false advertisements.

218.   Pursuant to 15 U.S.C. §1117, Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' acts in violation of Lanham Act §43(a).  Plaintiffs are at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

219.   Pursuant to 15 U.S.C. §1117, Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts.  Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

220.   Pursuant to 15 U.S.C. §1117, Plaintiffs are further entitled to recover costs of this action.  Moreover, Plaintiffs are informed and believe, and on that basis allege, that Defendants conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees.

## VII. SIXTH CLAIM FOR RELIEF
### (Unfair Competition against all Defendants)

221.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

222.   Defendants are competitors of Plaintiffs in distributing Plaintiffs' motion pictures.  Particularly, Defendants' Show Box app which Defendants

20-013C

promote and distributes competes with the distribution channels Plaintiffs have licensed for selling their motion pictures.

223.   The conduct of Defendants, as set forth above, constitutes unfair methods of competition in the conduct of trade or commerce prohibited by H.R.S. § 480-2.

224.   Specifically, Defendants unfairly compete against Plaintiffs by misleading and confusing customers to believe that the Show Box app is a legitimate platform for viewing Copyright protected content.

225.   The conduct of Defendants has caused and will cause injury to Plaintiffs' business and Works.

## VII. SEVENTH CLAIM FOR RELIEF
### (Deceptive Trade Practices against all Defendants)

226.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

227.   Defendants are competitors of Plaintiffs in distributing Plaintiffs' motion pictures.   Particularly, Defendants' Show Box app which Defendants promote and distributes competes with the distribution channels Plaintiffs have licensed for selling their motion pictures.  The conduct of Defendants has affected competition in Hawaii.

228.   The conduct of Defendants, as set forth above, constitutes deceptive trade practices prohibited by H.R.S. § 480-2.

20-013C

229.   Specifically, Defendants promotion of the Show Box app for watching free movies without informing the public that Defendants do not have license to publicly perform or distribute Plaintiffs' motion pictures are false or misleading statements of fact concerning the reasons why the Show Box app is free.

230.   Defendants have willfully engaged in these trade practices knowing them to be deceptive.

231.   The conduct of Defendants has caused and will cause injury to Plaintiffs' business and Works.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully requests that this Court:

(A) enter temporary, preliminary and permanent injunctions enjoining each Defendant from continuing to infringe, induce and/or contribute to infringement of the Plaintiffs' copyrighted Works and causing unfair competition;

(B) Entry of an Order pursuant to 28 U.S.C §1651(a), The All Writs Act, that, the operators of the Defendants' websites immediately remove all versions of the software application Show Box from their website;

(C) Entry of an Order pursuant to 17 U.S.C. §512(j) and 28 U.S.C §1651(a), The All Writs Act, that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries and/or their

20-013C

administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants engage in the distribution and promotion of the Show Box app;

(D) award the Plaintiffs' actual damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages per Work pursuant to 17 U.S.C. § 504-(a) and (c);

(E) award the Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Hawaii statutes; and

(F) grant the Plaintiffs any and all other and further relief that this Court deems just and proper.

The Plaintiffs hereby demand a trial by jury on all issues properly triable by jury.


DATED: Kailua-Kona, Hawaii, April 3, 2019.


CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs

20-013C