CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:        kculpepper@culpepperip.com

Attorney for Plaintiffs
Hunter Killer Productions, Inc.,
TBV Productions, LLC,
Venice PI, LLC,
Bodyguard Productions, Inc., and
LHF Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hunter Killer Productions, Inc. et al., | **Case No.: 1:19-cv-168-LEK-KJM** |
| Plaintiffs, | (Copyright) |
| vs. | MEMORANDUM IN SUPPORT OF APPEAL |
| Qazi Muhammad Zarlish, et al., | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF APPEAL

I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs are the owners of the copyright protected motion pictures ("Works") shown in Exhibit "1" [Doc. #1-1] of the Complaint [Doc. #1]. Plaintiffs allege that Defendant Hoan Pham ("Defendant") is liable for intentional inducement and

20-013C 19-168

contributory infringement per 17 U.S.C. §101, *et seq.*, false description per 15 U.S.C. §1051, *et seq.*, unfair competition per H.R.S. §480-2 and deceptive trade practices per H.R.S. §481A-3 for distributing and promoting the movie piracy software application Show Box app.  *See* Complaint [Doc. #1] at ¶¶172-204, 212-231.  Plaintiffs further assert that Defendant is liable for direct infringement per 17 U.S.C. §101, *et seq.*, for copying the Plaintiff LHF Productions Inc.'s Work *London Has Fallen*.  *Id.* at ¶208, Decl. of Daniel Arheidt ("Arheidt Decl.") [Doc. #1-10] at ¶¶8-9, Exhibits "6" and "7" [Docs. ##1-6, 1-7] to the Complaint [Doc. #1].  The Complaint was filed on April 3, 2019.

Defendant, a national of Vietnam, distributed and promoted the Show Box app from the interactive website "showboxofficial.com" to users in the United States and Hawaii. Id. at ¶¶90-91.  The website brazenly promoted Show Box app as "No restrictions…Watch any movie or TV Show as many times as you want. All you need to get started with Showbox is a proper Internet connection", and "100% FREE…No subscription fee or license charge. IT IS ABSOLUTELY FREE!".

20-013C 19-168



Id. at ¶93, Decl. of Counsel of April 3, 2019 [Doc. #1-12] at ¶6.

Defendant's Show Box app provides an interface so that users can easily download copyright protected content from torrent sources using the BitTorrent protocol or stream the content from unauthorized streaming sources. *See* Complaint [Doc. #1] at ¶¶141-142, Arheidt Decl. [Doc. #1-10] at ¶20.

The Court previously granted Plaintiffs leave to serve the Defendant (and Defendant Nghi Phan Nhat who was successfully served) by permitting the Clerk to perform foreign mailing. *See* Order Granting Plaintiffs' Second *Ex Parte* Motion for Order Permitting Clerk to Perform Foreign Mailing of May 22, 2019 [Doc. #17]. However, FedEx was unable to deliver the package to Defendant because he has moved and changed his telephone number. *See* Exhibit "8" [Doc. #21-9] to Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process ("Motion") [Doc. #21].

Plaintiffs' counsel contacted Defendant via the email address hoan.pham@live.com to request his updated address on June 6, 2019. *See* Exhibit "9" [Doc. #21-10] to the Motion. After receiving no reply, on June 14, 2019 Plaintiffs filed the Motion seeking permission to serve Defendant Hoan Pham via two email addresses: (1) hoan.pham@live.com; and (2) elizabethr9827@gmail.com (collectively, the "Email Addresses") [Doc. #21]. On June 20, 2019, after the Motion was filed, Defendant sent a reply email to Plaintiffs' counsel in which he made assertions regarding the allegations of paragraphs 114-119 of the Complaint but did not provide his new address. *See* Decl. of Counsel of July 3, 2019 ("Counsel Decl. 07032019") [Doc. #25] at ¶2, Exhibit "1" [Doc. #25-1] to the Counsel Decl. 07032019.

As shown in pgs. 1-2 of Exhibit "1" [Doc. #21-2] to the Motion, the first email address hoan.pham@live.com is the email address the Defendant provided to his Internet website Host Provider Choopa LLC dba Vultr ("Choopa"). *See* Counsel Decl. 07032019 [Doc. #25] at ¶¶3, 6. Particularly, the Exhibit shows that: (i) Defendant had an account with Choopa at least through November 20, 2018; and (ii) Defendant used this first email address to communicate with Choopa and make payments to Choopa via his Pay Pal account as recently November 18, 2018.

As shown in Exhibit "3" [Doc. #21-4] to the Motion, the second email address elizabethr9827@gmail.com (and the false name of Elizabeth Roberts and false

20-013C 19-168

address in Canada) is the information Defendant provided to the domain registrar Namecheap when he registered the website domain with Namecheap on March 6, 2017.  As shown in Exhibit "4" [Doc. #21-5] to the Motion, even when he hastily changed his username on October 12, 2018 from hoanpv01 to elizabethroberts, he continued to use this second email address.  Publicly available records show that Defendant continues to own the domain.  *See* Decl. of Counsel at ¶2.

As explained in the Motion, Defendant communicated with Plaintiffs' counsel using the first email address initially on December 10, 2018 (when denying he had anything to do with the website or even knew what Show Box app was).  *See* Counsel Decl. 07032019 [Doc. #25] at ¶¶7.  Defendant communicated with Plaintiffs' counsel using the second email address (while falsely holding himself out as Elizabeth Roberts and admitting he was behind the website) on December 16, 2018.  Id. at ¶11.  Defendant communicated with Plaintiffs' counsel using the first email address from January 19, 2019 again after conceding that he was the person behind the website and thus Elizabeth Roberts. Id. at ¶12.

Nonetheless, on July 31, 2019, Magistrate Judge Mansfield issued the ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT HOAN PHAM [Doc. #31] ("Order") which states *inter alia*:

> [T]he Court is not persuaded that future emails to the Email Addresses are reasonably calculated to apprise Defendant Pham of this litigation and provide

>him an opportunity to respond. Given their most recent correspondence, it is possible that Defendant Pham has abandoned the hoan.pham@live.com address and is no longer accessing incoming emails. In addition, Mr. Culpepper has not received an email from the elizabethr9827@gmail.com address since December 2018, over seven months ago, making it all the more likely that due process requirements will not be satisfied by emailing the service documents to this address. The Court notes that Plaintiffs have requested entry of default against other defendants in this case, including Defendant Nhat, after they did not respond to the Complaint. Under all the circumstances, and given that Plaintiffs will likely take the same action against Defendant Pham if he does not respond to the Complaint, the Court is hesitant to rely on the Email Addresses as the means of effecting service. Based on the foregoing, using its discretion, the Court finds that emailing the service documents to the Email Addresses is not reasonably calculated to provide the requisite notice to Defendant Pham regarding this lawsuit.

*See* Order [Doc. #31] at pgs. 5-6.

Plaintiffs appeal the Magistrate Judge's decision that service by the first email address Defendant has used to communicate with Plaintiffs' counsel continuously since December 10, 2018 and the second email address that Defendant himself provided to the domain registrar Namecheap for registering his domain and also used to communicate with Plaintiffs' counsel fails to satisfy the due process requirements of Rule 4(f)(3) of the *Federal Rules of Civil Procedure*. Particularly, the Magistrate Judge's applied an incorrect legal standard when considering the possibility that Defendant will default as a factor of whether the proposed means satisfies due process. Further, the conclusion that serving the Defendant at email addresses Defendant has used as recently as June for communicating with Plaintiffs' counsel

20-013C 19-168

and for conducting business with his domain registrar and website host provider do not satisfy due process is clearly erroneous.

## II. STANDARD OF REVIEW

Local Rule 74.1 provides that "any party may appeal from a magistrate judge's order determining a motion or matter under LR 72.3…within (14) days after being served with a copy of the order." LR 74.1.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 74.1, any party may appeal to the District Court any nondispositive matter determined by a Magistrate Judge. Such an order may be reversed by the District Court Judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Akey v. Placer Cty.*, 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008)) (internal quotation marks omitted). *See also Hunt v. Nat'l Broad. Co.,* 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

An order is "clearly erroneous" if, after review, the Court has a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011); *Cochran v. Aguirre*, 2017 WL 2505230, at 1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991); *Cochran*, 2017 WL 2505230, at 1.

III.   LEGAL STANDARD

Rule 4(f)(3) allows services "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Ninth Circuit has held that "the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ed] to the sound discretion of the district court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) ("*Rio*"). Service under Rule 4(f)(3) must "comport with constitutional notions of due process" and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (internal quotation marks omitted). "Courts have authorized a wide variety of alternative

20-013C 19-168

methods of service under Rule 4(f)(3)." *Id.* at 1016. Alternative service methods approved by courts include publication, ordinary mail, email, and delivery to a defendant's attorney. *Id*.

## IV.   STATEMENT OF APPEAL

Magistrate Judge Mansfield's Order denying Plaintiff's Motion (1) applied an incorrect legal standard of whether Defendant is likely to default in considering whether the proposed means comports with due process; and/or (2) is clearly erroneous because it fails to consider the overwhelming evidence that the email addresses are being used by Defendant.  Plaintiffs appeal the portion of the Order denying service under Rule 4(f)(3).

A.   Magistrate Judge Mansfield's Order applied an incorrect legal standard of what comports with constitutional notions of due process.

In *Rio,* the Ninth Circuit stated that a method of service of process per Rule 4(f)(3) must "comport with constitutional notions of due process". *Rio* at 1016. The *Rio* Court determined that to meet this requirement the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio* at 1016-1017, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed 865 (1950) (Jackson, J.).  The key language is "apprise…of the action" and "afford…an opportunity".

20-013C 19-168

In the Order Judge Mansfield went beyond the requirements elaborated in *Rio* and considered that "…Plaintiffs have requested entry of default against other defendants in this case…after they did not respond to the Complaint" and "…Plaintiffs will likely take the same action against Defendant Pham if he does not respond to the Complaint…" Order at pg. 5.  However, the proper legal standard as elaborated in *Rio* does not include speculation based upon whether the party will fail to answer the complaint and how Plaintiffs will respond to such failure.  Rather, the proper legal standard is whether the proposed means is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

The suitability of Plaintiffs' proposed means of service is clearly shown by Defendant's email reply of June 20, 2019 in which he first mentions "lawsuit" and then makes assertions against specific allegations in paragraphs in the Complaint thereby showing that <u>he must have read the Complaint</u>.  *See* Exhibit "1" [Doc. #25-1] to Counsel Decl. 07032019 [Doc. #25].  Defendant's own email reply shows that email has apprised him of this action and given him an opportunity to present his objections.

B.     Magistrate Judge Mansfield's Order is clearly erroneous because it fails to consider the overwhelming evidence that the email addresses are being used by Defendant.

It is simply not plausible to speculate that Defendant has "abandoned the hoan.pham@live.com address and is no longer accessing incoming emails" as asserted in the Order. Order at pg. 5. In the contrary, because this is the email address Defendant used to conduct his business affairs such as communicating with the website host provider Choopa and make Paypal payments, it is highly unlikely that he has abandoned it. *See* Counsel Decl. 07032019 [Doc. #25] at ¶¶3, 6, Exhibit "1" [Doc. #21-2] to the Motion at pgs. 1-2.

The second email address is the address Defendant provided to his domain registrar Namecheap. *See* Exhibit "3" [Doc. #21-4] to the Motion. The Order raises a concern that Plaintiffs' counsel has not communicated with Defendant via the second email address since December 2018. *See* Order at pg. 5 (In addition, Mr. Culpepper has not received an email from the elizabethr9827@gmail.com address since December 2018, over seven months ago…) However, this second email address was chosen by Defendant when registering his domain with Namecheap under the false identity Elizabeth Roberts and used to communicate with Plaintiffs' counsel under said false identity. *See* Counsel Decl. 07032019 [Doc. #25] at ¶¶7,11. Once Plaintiffs' counsel informed Defendant on January 19,

20-013C 19-168

2019 that his ruse had been uncovered, there was no need for Defendant to communicate with Plaintiffs' counsel via the second email address under the false identity of Elizabeth Roberts or vice versa. Id. at ¶12. From that time, Plaintiffs' counsel and Defendant exchanged communication only through the first address and under his real name Hoan Pham. However, this second email address is the email address Defendant used to register the domain of his website with Namecheap. Accordingly, Defendant must monitor this email address for his dealings with the Registrar. Thus, Plaintiffs also proposed including the second email address as means to serve Defendants. It should be noted that the publicly available WHOIS records show that this domain record has not changed since September 16, 2018 and that the Registrar is still Namecheap. *See* Decl. of Counsel at ¶2. Accordingly, Defendant must be still using the second email address with respect to his dealings of the domain registrar Namecheap.

C.   Magistrate Judge Mansfield's Order encourages poor public policy.

Finally, Plaintiffs respectfully point out that allowing Defendant to avoid service by putting a false name and address with his Registrar is poor public policy. This Court has made clear in similar cases that preliminary injunctive relief will not be granted absent service of the Defendant per Fed. R. Civ. P. 4. *See Venice PI, LLC et al. v. Doe 1 d/b/a YIFY et al.*, 1:19-cv-169-LEK-KJM, Doc. #36 (Denying Plaintiffs' Motion for Preliminary Injunction for failing to complete

20-013C 19-168

service per Rule 4), *Venice PI, LLC et al. v. Bovee et al.*, 1:19-cv-335-JAO-KJM, Doc. #79 (Denying Plaintiffs' Motion for Temporary Restraining Order as premature because Defendant had not yet been served). Plaintiffs would be left with no remedy for seeking injunctive relief in these types of situations if not allowed to serve Defendants by the email address Defendants themselves provided to their domain registrars.

V.   CONCLUSION

Magistrate Judge Mansfield improperly applied a legal standard of speculation as to what future actions Defendant would take in response to service by email rather than whether the requested means of service comports with due process in the Order. The conclusion in the Order that serving Defendant via the email addresses he used to communicate with Plaintiffs' counsel, his domain Registrar Namecheap and his website hosting provider Choopa fails to satisfy due process requirements is clearly erroneous.

Accordingly, the Order is clearly erroneous and contrary to law. For the foregoing reasons, the Court should REVERSE the denial and grant Plaintiff's *Ex Parte* Motion For Order Authorizing Alternate Service of Process on Defendant Hoan Pham.

DATED: Kailua-Kona, Hawaii, August 8, 2019.

20-013C 19-168

CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs
Hunter Killer Productions, Inc.,
TBV Productions, LLC,
Venice PI, LLC,
Bodyguard Productions, Inc., and
LHF Productions, Inc.

20-013C 19-168