CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs
Hunter Killer Productions, Inc.,
TBV Productions, LLC,
Venice PI, LLC,
Bodyguard Productions, Inc., and
LHF Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Hunter Killer Productions, Inc. et al, <br><br> Plaintiffs, <br> vs. <br><br> Qazi Muhammad Zarlish, et al. <br><br> Defendants. | **Case No.: 1:19-cv-00168-LEK-KJM** <br> **(Copyright)** <br><br> NOTICE OF ERRATA TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NGHI PHAN NHAT; CORRECTED MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT NGHI PHAN NHAT |

NOTICE OF ERRATA TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NGHI PHAN <u>NHAT</u>

Plaintiffs Hunter Killer Productions, Inc., TBV Productions, Inc., Venice PI, LLC, Bodyguard Productions, Inc., and LHF Productions, Inc. ("Plaintiffs") respectfully submit this errata to its Memorandum in Support of its Motion for Default Judgment filed on Sept. 6, 2019 [Doc. #37-1].  At pg. 14, the Memorandum erroneously quotes the Ninth Circuit as stating "operation of an interactive, commercial website is often sufficient" in *Cybersell, Inc. v. Cybersell, Inc.* at pg. 419.  Rather, the Ninth Circuit stated, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet". Plaintiffs are concurrently filing a corrected Memorandum to only correct this quotation and add a sentence after the quotation stating the assertion: "That is, operation of an interactive, commercial website is often sufficient to establish personal jurisdiction." This Court, in *WeR1 World Network et al. v. Cyberlynk Network Inc. et al.*, while discussing *Cybersell*, stated that "operation of an interactive, commercial website is often sufficient".

> In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), the Ninth Circuit addressed the application of the purposeful availment principle to defendants involved in transmissions over the Internet. The Court explained that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." Id. at 419 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Thus, operation of a passive website is not adequate to establish personal jurisdiction over a defendant, whereas <u>operation of an interactive, commercial website is often sufficient</u>. Id.

*WeR1 World Network et al. v. Cyberlynk Network Inc. et al.*, Civil Action No. 11-00195 DAE-RLP, Doc. #20, Sept. 20. 2011 (emphasis added).

DATED: Kailua-Kona, Hawaii, November 7, 2019.

CULPEPPER IP, LLLC

 /s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs
Hunter Killer Productions, Inc.,
TBV Productions, LLC,
Venice PI, LLC,
Bodyguard Productions, Inc., and
LHF Productions, Inc.,