IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HUNTER KILLER PRODUCTIONS, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>QAZI MUHAMMAD ZARLISH, et al.,<br><br>Defendants. | ) | CIVIL NO. 19-00168 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NGHI PHAN NHAT |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NGHI PHAN NHAT

On September 6, 2019, Plaintiffs Hunter Killer Productions, Inc., TBV Productions, LLC, Venice PI, LLC, Bodyguard Productions, Inc., and LHF Productions, Inc. (collectively, "Plaintiffs") filed a Motion for Default Judgment Against Defendant Nghi Phan Nhat ("Motion"). ECF No. 37. Defendant Nghi Phan Nhat ("Defendant Nhat") did not file an opposition or otherwise respond to the Motion.

On November 6, 2019, the Court held a hearing on the Motion. Kerry S. Culpepper, Esq., appeared on behalf of Plaintiffs. After carefully considering the Motion, the arguments of counsel, the record in this case, and the applicable law, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiffs' Motion.

BACKGROUND

On April 3, 2019, Plaintiffs filed their Complaint against Defendants Qazi Muhammad Zarlish, Pebblebridge Technologies, LLP, Vishnudath Reddy Mangilpudi, Hoan Pham, and Defendant Nhat (collectively, "Defendants"). ECF No. 1. Plaintiffs are the copyright owners of several motion pictures ("Works"). *See id.* at 5 ¶ 16. The Complaint alleges that Defendants use their interactive websites to promote Show Box, a software application, to the public as a legitimate means for viewing copyrighted content for free, including the Works. *See id.* at 2 ¶ 1, 3 ¶ 5; *see also id.* at 6 ¶ 17. The Complaint alleges that "Defendants have designed their interactive websites to individually target Hawaii users based upon their personal information such as web browsing history." *Id.* at 3 ¶ 6.

The Complaint alleges that Defendant Nhat, a Vietnam resident, operates the interactive website apkmirrordownload.com ("APK Site"). *Id.* at 30-31 ¶¶ 120-21. The Complaint alleges that Defendant Nhat registered the APK Site through the domain registrar Namesilo, LLC ("Namesilo"), a company based in Arizona. *Id.* at 31 ¶ 122. Defendant Nhat also registered with Cloudflare, Inc. ("Cloudflare"), a United States company, to host the APK Site. *See id.* at 5 ¶ 13; *see also* ECF No. 37-1 at 13.

The Complaint alleges that various versions of Show Box and Popcorn Time, "piracy" applications, were available for download on the APK Site. ECF No. 1 at

31-32 ¶¶ 124-25. "[T]he Show Box app is using one or more addons for streaming infringing content, including Plaintiffs' Works. These addons are designed and maintained for the overarching purpose of scouring the Internet for illegal sources of copyrighted content and returning links to that content." *Id.* at 39 ¶ 141. When Show Box users click a "WATCH NOW" button, the user receives unauthorized streams of popular films, including Plaintiffs' Works. *Id.*

The Complaint alleges that the promotional language on Defendants' websites misleads consumers into believing that Show Box is a legitimate platform for viewing copyright-protected content. *See id.* at 6 ¶ 17. The Complaint alleges that Defendants, including Defendant Nhat, profit from their distribution and promotion of Show Box through clickable ads on their websites and Show Box, among other ways. *See id.* at 7 ¶¶ 20-22. The Complaint asserts claims against Defendant Nhat under (i) the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, (ii) the Lanham Act of 1946, 15 U.S.C. § 1051, *et seq.*, and (iii) Hawaii state law. *See id.* at 45-57.

On May 29, 2019, Plaintiffs' counsel submitted to the Clerk's Office for sending to Defendant Nhat a mail package containing a copy of the summons, Complaint, Scheduling Order, and "Vietnamese machine translation." ECF No. 19. On June 10, 2019, Plaintiffs filed the Declaration of Stephanie Kessner, which states that FedEx delivered Plaintiffs' mail package to Defendant Nhat on June 5, 2019.

ECF No. 20. The Clerk of Court subsequently entered default against Defendant Nhat on July 9, 2019. ECF No. 29.

DISCUSSION

Before considering the merits of the Motion, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Nhat. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). The Court has subject-matter jurisdiction over the claims in the Complaint pursuant to 28 U.S.C. §§ 1331, 1338, and 17 U.S.C. § 101, *et seq*. The Court finds, however, that it lacks personal jurisdiction over Defendant Nhat for the reasons set forth below.

Plaintiffs contend that the Court has personal jurisdiction over Defendant Nhat pursuant to Federal Rule of Civil Procedure 4(k)(2), often referred to as the federal long-arm statute. *See* ECF No. 37-1 at 10. To exercise jurisdiction under Rule 4(k)(2): (1) the claim(s) at issue must arise under federal law; (2) the defendant must not be subject to the jurisdiction of any state court of general jurisdiction; and (3) exercising jurisdiction must comport with due process. Fed. R. Civ. P. 4(k)(2); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). Here,

Plaintiffs' claims arise under federal law and Defendant Nhat, as a Vietnam resident, is not subject to the jurisdiction of any state court of general jurisdiction. The Court thus focuses on whether exercising personal jurisdiction over Defendant Nhat comports with due process.

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant – general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Plaintiffs state in their Motion that their claims against Defendant Nhat are not based on general jurisdiction. ECF No. 37-1 at 11. Rather, Plaintiffs contend that the Court has specific jurisdiction over Defendant Nhat.

The specific jurisdiction inquiry focuses on the relationship between the nonresident defendant, the forum, and the litigation. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* This requires the relationship to "arise out of contacts that the 'defendant *himself*' creates with the forum state" and "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there." *Id.* at 284-85 (emphasis in original).

For specific jurisdiction to exist, a "nonresident defendant must have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (alterations in *Axiom Foods*) (some internal quotation marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). The Ninth Circuit employs a three-part test to determine whether a non-resident defendant has sufficient minimum contacts, which is satisfied when "'(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.'" *Pebble Beach*, 453 F.3d at 1155 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). The plaintiff bears the burden of establishing the first two prongs. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff does not satisfy either prong, "personal jurisdiction is not established in the forum state." *Id.*

Under the first prong of the minimum contacts test, Plaintiffs must establish that Defendant Nhat either purposefully availed himself to the privilege of conducting activities in the United States, or purposefully directed his activities toward the United States. *See Pebble Beach*, 453 F.3d at 1158 ("Th[e] ability to look to the aggregate contacts of a defendant with the United States as a whole instead of a particular state forum is a product of Rule 4(k)(2)."). "A purposeful availment

analysis is most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802. "A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)); *cf. Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995) (noting that the Ninth Circuit applies "different purposeful availment tests to contract and tort cases"). "A claim for copyright infringement sounds in tort, and therefore a purposeful direction analysis is appropriate." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1144 (N.D. Cal. 2007).

Notwithstanding that a purposeful direction analysis is appropriate in copyright infringement cases, Plaintiffs argue that Defendant Nhat's alleged conduct constitutes purposeful direction and purposeful availment. The Court addresses each argument in turn.

A. Purposeful Direction

Unlike a purposeful availment analysis, which typically involves evidence of a defendant's actions in the forum, a "showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum." *Schwarzenegger*, 374 F.3d at 802-03. Under the purposeful direction test, which is also known as the "effects" test and derives from *Calder v. Jones*, 465 U.S. 783 (1984), "[t]he defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state,

and (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069 (citation and internal quotation marks omitted).

Although Plaintiffs argue that Defendant Nhat's conduct constitutes purposeful direction, Plaintiffs do not mention, let alone apply, the foregoing purposeful direction test. Plaintiffs simply assert that Defendant Nhat "purposely directs his electronic activity to the United States and targets and attract[s] a substantial number of users in the United States and, more particularly, Hawaii." ECF No. 37-1 at 15. Plaintiffs also assert that the privacy policy on Defendant Nhat's website "admits to using cookies and/or web beacons to collect data in the ad servicing process." *Id.* (citing ECF 37-2 at 7 ¶ 12). The Court thus finds Plaintiffs' arguments wholly conclusory.

In any case, the Court finds that Plaintiffs' evidence does not establish that Nhat's alleged "electronic activity" was expressly aimed at the United States. Simply being able to access the APK Site from the United States does not establish that Defendant Nhat purposefully directed his activity to the United States. As the Ninth Circuit explained: "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland*, 485 F.3d at 459 (citing *Asahi Metal Indus. Co. v. Sup. Ct.*, 480 U.S. 102, 112 (1987)). "Not all material placed on the Internet is, solely by virtue of its universal accessibility,

expressly aimed at every state in which it is accessed." *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011); *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) ("While there is no question that anyone, anywhere could access that home page and thereby learn about the services offered, we cannot see how from that fact alone it can be inferred that [the defendant] deliberately directed its merchandising efforts toward Arizona residents."). "Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id.* (citing *Asahi Metal*, 480 U.S. at 112).

Plaintiffs assert facts indicating only that Defendant Nhat's APK Site has been "swept" into the United States. That the APK Site is in English does not show purposeful direction, as the United States is not the only country with English as an official language. Nor is Plaintiffs' allegation that the United States is the country with the second most traffic to the APK site evidence of purposeful direction. That United States residents visited the APK Site, a universally accessible website, more than residents of other countries does not lead to the conclusion that Plaintiffs targeted the former.

Based on the foregoing, Plaintiffs fail to establish that Defendant Nhat's alleged "electronic activities" were expressly aimed at the United States. The Court

thus finds that Plaintiffs fail to establish that Defendant Nhat purposefully directed his actions toward the United States.

A. Purposeful Availment

"'Purposeful availment' requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Haw. Forest & Trial Ltd. v. Davey*, 556 F. Supp. 2d 1162, 1169 (D. Haw. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1367 (9th Cir. 1990)). "'The requirement of "purposeful availment" is based on the presumption that it is reasonable to require a defendant who conducts business and benefits from his activities in a state to be subject to the burden of litigating in that state as well.'" *Id.* at 1169-70 (quoting *Brainerd v. Governors of the Univ. of Alberta*,

Plaintiffs do not specifically apply a purposeful availment analysis to the facts of this case. Nevertheless, Plaintiffs appear to argue that Defendant Nhat purposefully availed himself to the privileges of conducting activity in the United States by registering the APK Site domain with Namesilo and using Cloudflare, both United States companies. Plaintiffs assert that, when registering with Namesilo and Cloudflare, Defendant Nhat agreed to the jurisdictions and laws of Arizona and California, respectively. *See* ECF No. 37-1 at 13 (ECF No. 37-2 (Declaration of Counsel) at 6-7 ¶¶ 10-11).

In support of this argument, Plaintiffs' counsel submits a declaration purporting to authenticate screenshots of Namesilo's and Cloudflare's respective conditions of service. *See* ECF No. 37-2 (Declaration of Counsel) at 6-7 ¶¶ 10-11. The Court notes that the screenshots, however, are the conditions and service in effect on the date accessed by counsel, September 2, 2019. The screenshots are not, nor does Plaintiffs' counsel purport them to be, the specific conditions and services in effect when Defendant Nhat registered with Namesilo and Cloudflare.

Even assuming Defendant Nhat agreed to the same conditions of service, the Court finds that Defendant Nhat's contacts with Namesilo and Cloudflare are insufficient to establish purposeful availment. While Defendant Nhat may have contacts with California and Arizona pursuant to his registration with United States companies, such contacts are not extensive enough to invoke nationwide jurisdiction such that it is reasonable to subject Defendant Nhat to litigation in any United States federal forum. The Court thus finds that Plaintiffs fail to establish purposeful availment by Defendant Nhat.

Plaintiffs also argue that "Defendant [Nhat] takes advantage of the provisions of US law on his website – namely the protections of the [Digital Millennium Copyright Act ("DMCA")]." ECF No. 37-1 at 13. Plaintiffs' argument is based on the purported "DMCA Policy" stated on the APK Site:

> All the content on apkmirrordownload.com is either submitted to apkmirrordownload by email or is readily available in various places on

> the internet and believed to be in public domain. Content (including images and videos) posted are believed to be posted within our rights according to the U.S. Copyright Fair Use Act (Title 17, U.S. Code.) [sic]
>
> Notification of Copyright Infringement
>
> Apkmirrordownload.com is in compliance with 17 U.S.C. § 512 and the [DMCA]. It is our policy to respond to any infringement notices and take appropriate actions under the [DMCA] and other intellectual property laws.
>
> If your copyrighted material has been posted on APKversion.net or if links to your copyrighted material are returned through any search engine and you want this material removed, you must provide a written communication that details the information listed in the following section. Please be aware that you will be liable for damages (including costs and attorneys' fees) if you misrepresent information listed on our site that is infringing on your copyrights. We suggest that you first contact an attorney for legal assistance on this matter.

ECF No. 37-2 at 5 ¶ 8.

Contrary to Plaintiffs' argument, the above language does not indicate that Defendant Nhat takes advantage of the DMCA's protections. Rather, the Court reads the DMCA Policy to simply state that the APK Site is in compliance with the DMCA and will respond to allegations of infringement in accordance with the DMCA. The DMCA Policy does not claim that Defendant Nhat has rights under the DMCA that he intends to enforce in United States courts. Plaintiffs thus fail to persuade the Court that including the DMCA Policy on the APK Site amounts to purposeful availment by Defendant Nhat.

Based on the foregoing, the Court finds that Defendant Nhat's contacts are insufficient to invoke nationwide jurisdiction under Rule 4(k)(2). More specifically, Plaintiffs fail to satisfy the first prong of the three-part minimum contacts test, *i.e.*, purposeful direction or purposeful availment. The Court thus declines to analyze the remaining two prongs of the minimum contacts test. *See Cybersell*, 130 F.3d at 419 (declining to analyze the second and third prong of the minimum contacts test because the plaintiffs failed to satisfy the "purposeful availment" prong of the three-part minimum contacts test).

CONCLUSION

Based on the foregoing, the FINDS AND RECOMMENDS that the district court DENY Plaintiffs' Motion for Default Judgment Against Defendant Nghi Phan Nhat (ECF No. 37).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 7, 2019.




Kenneth J. Mansfield
United States Magistrate Judge

*Hunter Killer Prods., Inc., et al. v. Zarlish, et al.*, Civil No. 19-00168 LEK-KJM; Findings and Recommendation Denying Plaintiffs' Motion for Default Judgment Against Defendant Nghi Phan Nhat